In the Matter of BARRY R. SHAPIRO, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 7, 1983

APPEARANCES OF COUNSEL

*Jeanne C. O'Rourke* of counsel (*Michael A. Gentile,* attorney), for petitioner.

*Martin Stewart* of counsel (*Levy, Bivona & Cohen,* attorneys), for respondent.

OPINION OF THE COURT

*Per Curiam.*

Petitioner, Departmental Disciplinary Committee for the First Judicial Department, moves for an order striking respondent's name from the roll of attorneys, pursuant to section 90 (subd 4, par b) of the Judiciary Law, upon the ground that respondent has been disbarred based upon a conviction of a felony as defined by section 90 (subd 4, par e) of the Judiciary Law.

Respondent was admitted to practice in the State of New York by the Appellate Division of the Supreme Court, Second Judicial Department, in October, 1971. At all times thereafter, and except for the years in or about 1975 to 1981, respondent maintained an office for the practice of law within the First Judicial Department.

In August, 1982, respondent was convicted in the Circuit/County Court in and for Broward County, Florida, of extortion, in violation of section 836.05 of Florida Statutes Annotated upon his plea of *nolo contendere* to Indictment No. 81-11130CF. Respondent was sentenced to five years' probation, a special condition of which is that he sign and meet a refund promissory note for $50,000, no interest, to Ronald Sosner.

Section 836.05 of Florida Statutes Annotated reads as follows: "Whoever, either verbally or by a written or printed communication, maliciously threatens to accuse another of any crime or offense, or by such communication maliciously threatens an injury to the person, property or reputation of another, or maliciously threatens to expose another to disgrace, or to expose any secret affecting another, or to impute any deformity or lack of chastity to another, with intent thereby to extort money or any pecuniary advantage whatsoever, or with intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against his will, shall be guilty of a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084."

The cognizable New York substantive offense is attempted grand larceny in the first degree, a class D felony (Penal Law, §§ 155.40, 110.00). Section 155.40 of the Penal Law reads in pertinent part:

"155.40 *Grand larceny in the first degree.* [C felony]

"A person is guilty of grand larceny in the first degree when he steals property and when the property, regardless of its nature and value, is obtained by extortion committed by instilling in the victim a fear that the actor or another person will (a) cause physical injury to some person in the future, or (b) cause damage to property" (emphasis added). Section 110.00 of the Penal Law reads as follows:

"110.00 *Attempt to commit a crime.*

"A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." (Emphasis added.)

An attempt to commit a crime is a class D felony when the crime attempted is a class C felony (see Penal Law, § 110.05, subd 5). Therefore, by reason of the fact that the substantive offense, to which respondent pleaded *nolo contendere,* is equivalent to a D felony in New York, respondent has been automatically disbarred by operation of law pursuant to subdivision 4 of section 90 of the Judiciary Law.

Accordingly, the motion by the Departmental Disciplinary Committee should be granted and an order entered striking respondent's name from the roll of attorneys and counselors at law in the State of New York.

MURPHY, P. J., SANDLER, ROSS, CARRO and ASCH, JJ., concur.

Respondent's name is stricken from the roll of attorneys and counselors at law in the State of New York.